# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARIN MATHEWS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CIVIL ACTION |
| v. | FILE NO. 1:22-cv-02605-ELR |
| HOME DEPOT USA, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR JOINDER OF ADDITIONAL PLAINTIFF RONALD REEVES

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(1), Plaintiff Darin Mathews ("Plaintiff" or "Mathews") respectfully moves this Court for leave to file a Second Amended Complaint, and for Joinder of Ronald Reeves ("Reeves") as an Additional Plaintiff and putative class representative in this matter. Like Mathews, Reeves has been damaged by Defendant Home Depot USA, Inc.'s ("Home Depot" or "Defendant") practice of overcharging late fees to its tool rental customers. Moreover, the purported "price adjustment" defense raised by Home Depot to Mathews' claim that he was overcharged late fees does not apply to Reeves, who received no such "adjustment."

## PROCEDURAL HISTORY

Plaintiff filed his original complaint on June 29, 2022. [Doc. 1.] On August 3, 2022, Plaintiff filed a First Amended Complaint ("FAC") refining and clarifying his allegations in this matter. [Doc. 7.] On August 25, 2022, Home Depot filed a motion to dismiss the FAC. [Doc. 10.] On September 29, 2022, Plaintiff filed a response in opposition to Defendant's motion to dismiss the FAC. [Doc. 14.] On October 13, 2022, Defendant filed a reply brief in support of its motion. [Doc. 16.]

On October 12, 2022, the parties held their Rule 26(f) conference to confer on issues related to the case, and on scheduling matters in the case. During that conference, Plaintiff's counsel informed defense counsel of Plaintiff's intent to move to amend the complaint to add Reeves as a party plaintiff and putative class representative; the Joint Preliminary Report and Discovery Plan noted that intention. [Doc. 19 at 7.] No other events have occurred in this matter, and discovery has not yet commenced.[1]

---

[1] A redlined version of Plaintiff's proposed Second Amended Complaint (which shows changes between it and the First Amended Complaint) is attached hereto as Exhibit A.

## LEGAL STANDARD

**A.    Motion for Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may amend his pleading after 21 days of the defendant's responsive pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id.* Although the decision to grant or deny leave to amend rests in the sound discretion of the Court, "leave to amend must be granted absent a specific, significant reason for denial[.]" *Spanish Broad Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *accord Pioneer Metals, Inc. v. Univar USA, Inc.*, 168 F. App'x 335, 337 (11th Cir. 2006) ("This court has indicated that it views with great distaste district court denials of amendments without stated reasons."). "Even so, a court may deny leave to amend (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendments would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Bell v. Guardian Automotive Corp.*, 1:15-cv-001350-ELR, 2005 WL 1386624, at *1 (N.D. Ga. Oct.

2, 2015) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)).

**B.     Motion for Joinder of a Party Plaintiff**

"A party seeking joinder of claimants under Rule 20 must establish two prerequisites:  1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (citing Fed. R. Civ. P. 20(a)(1)(B)), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).  In *Alexander*, the Eleventh Circuit held that Rule 20(a) is to be broadly construed:

> The Supreme Court has instructed the lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

207 F.3d at 1323 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)); *see also Glen v. Galardi S. Enterprises, Inc.*, 1:13-cv-3670-WSD, 2015 WL 1308258, at *4 (N.D. Ga. Mar. 23, 2015) (quoting and following *Alexander*).

## ARGUMENT

**A.     The Court Should Grant Leave to Amend.**

The Court should grant leave to amend because there has been no undue delay, allowing the amendment would not cause undue prejudice, and the amendment is not futile.

**1.     There Has Been No Undue Delay.**

Plaintiff has moved to amend and add Reeves as a party plaintiff early in the case. Discovery has not yet commenced, and the deadline for filing a motion to amend to add parties has not yet been set by the Court. There has been no delay, and there has certainly been no undue delay.

**2.     Allowing the Amendment Will Not Cause Undue Prejudice.**

This amendment will not cause prejudice, much less undue prejudice, to Defendant. The motion is filed early in the case, before discovery has commenced, and before any deadline for amendments has even been set by a scheduling order. The statute of limitations has not expired on Mathews' claim or Reeves' claim. Defendant has served no discovery, and has taken no depositions. No events have occurred which could support a claim for any prejudice by Defendant.

### 3. **The Amendment is Not Futile.**

The amendment is not futile because the proposed Second Amended Complaint sets out materially similar allegations to the breach of contract claim set out in Count I of Mathews' First Amended Complaint related to Home Depot's systematic nationwide overbilling of late fees to its tool rental customers. Reeves rented a tool from Home Depot Store No. 4103 in Bensalem, Pennsylvania in August 2021, pursuant to the same uniform "form" contract used by Home Depot with Plaintiff Mathews. Just like with Mathews, Home Depot breached its contract with Reeves by charging him late fees on a weekly recurring basis, rather than a "daily recurring basis," in violation of Section 8(a) of the contract. Specifically, Reeves returned his tool 11 days late (and kept the tool a total of 12 days), but was billed as if he had kept the tool for 14 days. Reeves has alleged clear and calculable damages for the claim under Count I of the Second Amended Complaint.

In its motion to dismiss, Home Depot has challenged Plaintiff Mathews' claim that alleges he was wrongfully charged a weekly late fee rather than a late fee imposed on a "daily recurring basis," on the ground that an unidentified "price adjustment" credited to Plaintiff Mathews means that Mathews was not harmed by the failure of Home Depot to bill him on a "daily recurring basis." Home Depot's argument will fail against Mathews. But regardless of the outcome as to Mathews,

Reeves was **not** granted any such "price adjustment." He was clearly and indisputably damaged by being charged late fees on a weekly basis rather than a "daily recurring basis."

Reeves is an adequate and typical putative class representative for Class 1 of the Second Amended Complaint, and his claims are common to the other members of the class. As set out in the proposed Second Amended Complaint, the class size is substantial and the numerosity requirement will be easily satisfied. Even so, this Court has recognized that there is no need to prematurely judge class certification in connection with a properly filed motion to add a plaintiff and putative class representative. *See Bell*, 2005 WL 1386624, at *1.

In sum, there is no viable reason why the Court should not grant Plaintiff's Motion to Amend.

**B.     The Court Should Permit Joinder.**

The Court should permit joinder of Reeves' claims because his claim arises from the same series of transactions and occurrences as Mathews and the putative members of Class 1 of the Second Amended Complaint, and because there are questions of law and fact common to proposed plaintiff Reeves and the putative class members. *See Alexander*, 207 F.3d at 1303.

Reeves is a member of the putative class of consumers who were charged late fees for tool rental on a weekly recurring basis, rather than a daily recurring basis, in violation of Section 8(a) of the contract. As set out above, this raises common questions of law regarding whether the tool rental contract was breached by Home Depot. Therefore, Reeves meets the requirements for permissive joinder under Rule 20(a)(1).

## **CONCLUSION**

Plaintiff respectfully submits that it is in the interest of justice to allow this amendment and add Reeves as a party plaintiff and a putative class representative, so that Home Depot's billing practices (including those implicated in Class 1 of the Second Amended Complaint) can be adjudicated for the entire nationwide class. Accordingly, Plaintiff respectfully requests that the Court grant leave for Plaintiff to file the proposed Second Amended Complaint, and to add Reeves as a party plaintiff and a putative representative of Class 1 of the Second Amended Complaint.

**BAYUK PRATT, LLC**

*/s/Bradley W. Pratt*
Bradley W. Pratt
Georgia Bar No. 586672
4401 Northside Pkwy, Suite 390
Atlanta, Georgia 30327
Telephone: (404) 500-2669
bradley@bayukpratt.com

- 9 -

**THE LOCKETT LAW FIRM LLC**

*/s/John A. Lockett III*
John A. Lockett III
Georgia Bar No. 455549
1397 Carroll Drive
Atlanta, Georgia 30318
Telephone: (404) 806-7448
john@lockettlawfirm.com

**CROSS KINCAID**

*/s/Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549
520 W. Ponce de Leon Ave. No. 1858
Decatur, Georgia 30030
Telephone: (404) 948-3022
meredith@crosskincaid.com

*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1(B).

                                                    */s/John A. Lockett, III*
                                                   John A. Lockett III
                                                   Georgia Bar No. 455549