**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DARIN MATHEWS and RONALD REEVES, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff, | FILE NO. 1:22-cv-02605-ELR |
| v. | |
| HOME DEPOT USA, INC., | |
| Defendant. | |

## <u>E&G ENTERPRISE, INC.'S MOTION TO INTERVENE</u>

Movant-Intervenor E&G Enterprise, Inc. ("E&G" or "Intervenor"), by and through the undersigned counsel, respectfully moves this Court for leave to intervene as a named plaintiff in this action as a matter of right pursuant to Rule 24(a)(2) or, in the alternative, moves for permissive intervention pursuant to Rule 24(b). Plaintiffs do not oppose this motion.[1]    In support of its motion, Intervenor respectfully states as follows:

---

[1] E&G is represented by the same counsel as the current Plaintiffs.  The current Plaintiffs and E&G have concluded their interests are aligned and all wish to see the interests of the putative classes and absent class members protected in this action.

## **INTRODUCTION**

This putative class action includes two Plaintiffs and putative class representatives, Darin Mathews and Ronald Reeves ("Plaintiffs"), who have asserted breach of contract and other claims against Defendant Home Depot USA, Inc. ("Home Depot" or "Defendant") arising out of its tool rental program.  Doc. 34. Plaintiffs' claims are organized into several putative classes; however, only the first two of these classes are relevant to Intervenor's motion to intervene.

Class 1 is the "Nationwide Late Fees Class" comprised of customers who rented tools from Home Depot, returned tools late, and were overcharged late fees in violation of the contract.  Doc. 34, ¶ 81.  Class 2 is the "Nationwide Damage Protection Fee Class" comprised of customers who rented tools from Home Depot, returned those tools late, and were overcharged for damage protection in violation of the contract.  *Id*. ¶ 84.  E&G is a member of Class 1 and Class 2.

During discovery, Home Depot disclosed that since February 29, 2016, there have been four versions of the nationwide uniform tool rental contract at issue in this case:  Contract 1 (effective December 17, 2015), Contract 2 (effective March 17, 2019); Contract 3 (effective September 24, 2019); and Contract 4 (effective December 9, 2022).  Plaintiffs only signed Contract 3, whereas E&G signed Contracts 1, 3, and 4.

Discovery has also demonstrated that Home Depot's nationwide uniform practices and procedures violate the terms of each of the four versions of the contract, in the following ways:

- **As to Class 1 (late fees):**  Contract 1 has slightly different language in its provisions regarding late fee charges from Contracts 2 and 3 (which use the same language), and Home Depot's practices and procedures violate each of these provisions in the respective three contracts by overcharging customers for late fees.  One month after Plaintiffs filed their Motion for Leave to File Second Amended Complaint (Doc. 21)—presenting Home Depot's violation of the contract provisions for overcharging late fees as to Plaintiff Reeves—Home Depot issued the new and current Contract 4 "fixing" the late fee provision so that its practices and procedures no longer violated its contract terms.[2]

- **As to Class 2 (damage protection):**  All four contracts have substantively identical provisions regarding charges for damage protection, and Home Depot's practices and procedures violate those provisions by overcharging customers for damage protection.

E&G anticipates that Home Depot may raise defenses to class certification and the merits on the basis that Plaintiffs did not sign Contracts 1, 2, or 4.

E&G is a contractor that occasionally rents tools from Home Depot to perform work on its construction contracts.  Ex. A (Decl. of Gjergj Vero ("Vero Decl."), ¶ 3. E&G rented tools from Home Depot under Contract 1, Contract 3, and Contract 4.

---

[2] "Subsequent remedial measures are not generally admissible in evidence, Fed. R. Evid. 407; however, when the dispute concerns the terms of a contract, changes in the language that make the intent of the drafter clearer, the court should consider that change in evaluating the disputed term."  *Smith v. Miller Brewing Co. Health Benefits Program*, 860 F. Supp. 855, 857, n.1 (M.D. Ga. 1994).

*See id.* at internal Exs. A-F.  E&G has identified at least six separate transactions in which Home Depot breached the terms of these three versions of the tool rental contract.  *See id.* ¶¶ 8-13.  Home Depot overcharged E&G late fees in breach of Contracts 1 and 3 in five of its transactions (Class 1) and overcharged E&G for damage protection in breach of Contracts 1, 3, and 4 in four of its transactions (Class 2).  E&G incurred damages as a result of Home Depot's breaches for each of these transactions.  Consequently, E&G has standing and is an adequate class representative of Class 1 and Class 2 for all time periods and relevant versions of the contract.

E&G files this motion to intervene in this action and become a named plaintiff and putative class representative for Class 1 and Class 2, so that it can protect its own interests and the interests of the absent class members of each of these two putative classes.  E&G easily meets the criteria for intervention as of right and, alternatively, for permissive intervention under Rule 24.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.    Standard for Intervention of Right Under Rule 24(a)(2)

Rule 24(a)(2) governs intervention of right, under which the Court "must permit anyone to intervene who" shows that: (1) their application to intervene is timely; (2) they have an interest relating to the property or transaction which is the

subject of the action; (3) they are so situated that disposition of the action, as a practical matter, may impede or impair their ability to protect that interest; and (4) their interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing Fed. R. Civ. P. 24(a)(2)); *Tech Training Assocs. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 695-96 (11th Cir. 2017) (quoting *Stone v. First Union Corp.*, 371 F.3d 1305, 1308-09 (11th Cir. 2004)).

"Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir. 1994).

### A.    E&G's Motion Is Brought Less Than A Month After Learning This Action Involves Its Interest And Retaining Counsel, And Is Therefore Timely.

There are four factors relevant to the timeliness prong of an intervention inquiry:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*McIntire v. Mariano*, No. 18-cv-60075, 2019 U.S. Dist. LEXIS 33, *13 (S.D. Fla. Jan. 2, 2019) (quoting *United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983)).  Each factor weighs in favor of timeliness.

       **1.**    ***E&G's Motion Is Timely Because It Only Knew Of Its Interest For A Short Time Period Before Filing This Motion To Intervene.***

The first consideration when evaluating timeliness is "the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene." *McIntire*, 2019 U.S. Dist. LEXIS 33 at *13.  On this record, the timeliness factor is easily met.  E&G first became aware that this action might in some way relate to its own transactions with Home Depot on November 17, 2023.  Ex. A, ¶ 4.  Three days later, E&G provided copies of its contracts and invoices from its tool rental transactions with Home Depot to Plaintiffs' counsel.  *Id*. ¶ 6.  After consultation with Plaintiffs' counsel, E&G concluded it had a claim against Home Depot and signed a contract to memorialize its retention of Plaintiffs' counsel to also represent E&G on November 27, 2023.  *Id*. ¶ 7.

E&G therefore filed this motion to intervene less than 30 days after learning it might have a possible interest in the action, and less than 20 days after memorializing its retention of legal counsel to represent it, evaluate its potential

interest and potential claims, and determine a course of action to protect E&G's interest and the interests of the members of Class 1 and Class 2.  This record alone is dispositive on the timeliness factor.  *See, e.g., Ruderman ex rel. Schwartz v. Washington Nat. Ins. Co.* 263 F.R.D. 670, 677 (S.D. Fla. 2010) (holding intervenors not only satisfied the timeliness requirement, but actually filed their motion "reasonably quickly," where it was filed less than four months after learning of the event giving rise to the motion).

E&G could not have reasonably known of its need to protect its interest any earlier than when it engaged with and retained counsel to investigate that very thing. The public record did not disclose the risk to E&G's interest.  Home Depot did not disclose that there were four versions of the contract in use since February 2016 in its public document filings in the case.  For example, this was not disclosed in Home Depot's motion to dismiss the First Amended Complaint (Doc. 10) nor in Home Depot's opposition to Plaintiffs' motion for leave to file the Second Amended Complaint (Doc. 25).

Home Depot did not even disclose all different versions of the contract in its non-public original responses to Plaintiffs' Interrogatories (seeking "each version" of the operative contact during the relevant time period).  *See* Ex. B (Home Depot's May 11, 2023, Resps. and Objs. to Pl.'s First Interrogs.) at Resp. to Interrog. 2.

Instead, Home Depot first disclosed the existence a different version of the tool rental contract from than the one Plaintiffs signed in its non-public Supplemental Responses to Plaintiffs' Interrogatories served on August 10, 2023. Ex. C (Home Depot's First Supp. Resps. to Pl.'s Interrogs.) at Suppl. Resp. to Interrog. 2. Home Depot first disclosed the existence of Contract 4 in the non-public deposition of its Rule 30(b)(6) corporate representative on October 24, 2023, and first identified the effective date of Contract 4 in its non-public Second Supplemental Responses to Plaintiffs' Interrogatories served on November 9, 2023. Ex. D (Home Depot's Second Supplemental Responses to Plaintiffs' Interrogatories) at Suppl. Resp. to Interrog. 2. None of these disclosures were public.

It is well established that courts routinely find the timeliness factor to be satisfied after significantly longer periods of time. *See, e.g., Ruderman*, 263 F.R.D. at 677 ("Proposed Intervenors filed their Motion to Intervene less than four months after Plaintiffs filed the relevant claim[;] . . . [a]ccordingly, the Court finds that Proposed Intervenors filed their Motion to Intervene *reasonably quickly* after they knew or reasonably should have known of their interest in the case." (emphasis added)); *Krinsk v. SunTrust Bank*, No. 8:09-CV-909, 2011 WL 13143905, at *1 (M.D. Fla. Nov. 30, 2011) ("The motion to intervene was filed [by the persons seeking to serve as new class representatives] just two-and-a-half months later,

which is *well within* the bounds of reasonableness." (emphasis added)); *Ga. v. United States Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (holding intervention after a six-month delay was timely); *Chiles*, 865 F.2d at 1213 (reversing denial of motion to intervene as of right and finding intervention timely when filed seven months after the original complaint was filed, which included all claims eventually brought by intervenors) (citing *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970)[3] (motion to intervene filed more than a year after the intervenor knew the action had been filed was nonetheless timely (collecting cases))).

### 2.   *Less Than Thirty Days Between First Learning of a Potential Interest and Filing a Motion to Intervene Does Not Prejudice Home Depot.*

The second timeliness consideration is the extent of any prejudice to Home Depot resulting from E&G's not moving to intervene sooner once it knew of its interest in the case. *McIntire*, 2019 U.S. Dist. LEXIS 33 at *13. Importantly, "the relevant issue is not how much prejudice would result from intervention, but rather, how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case."

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this Circuit).

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977).  Whether E&G had moved to intervene 30 days ago (when it first learned it might have an interest in the matter), 20 days ago (when it retained legal counsel to investigate its potential interests), or today makes zero difference to Home Depot in this matter.

It is not realistic for a party to file a motion to intervene before it knows it has an interest in need of protection, before it retains counsel, or before counsel has reasonable time to vet the claims and prepare the motion to this Court's standards.  Filing a motion less than three weeks after retaining counsel to examine the issues is speedy.  This factor is not a close call.

The *Wallach* case is instructive here, where the Third Circuit reversed the district court's ruling that a motion to intervene was untimely due to the prejudice of intervention at an advanced stage in the litigation.  *Wallach v. Eaton Corp.*, 837 F.3d 356 (3rd Cir. 2016).[4]  The Third Circuit overturned that ruling because the relevant question was not prejudice resulting from the late stage of litigation, but rather, whether prejudice resulted from the delay between when the intervenor knew about his rights and when he moved to intervene. *Id.* at 377.  Because there was no

---

[4] Notably in *Wallach*, the stage of litigation was significantly more advanced than here.  Unlike in this case, class certification briefing had already concluded and discovery had closed.  *Id*. at 375, 378.

meaningful delay, there was concomitantly little to no prejudice attributable to such delay. *Id*. The same holds true here.

Regardless, there are three months remaining in the discovery period and three months before the motion for class certification deadline. This is more than enough time for Home Depot to conduct the exact same discovery as to E&G that it conducted as to the current Plaintiffs – namely, written discovery and a deposition. *See, e.g., Krinsk*, 2011 WL 13143905, at *1 ("The need for minimal additional discovery regarding [the persons seeking to serve as new class representatives] and their claims does not suffice to establish prejudice.").

### 3. E&G Will Be Prejudiced If The Motion To Intervene Is Denied.

The third timeliness factor – prejudice to E&G if this motion is denied – is demonstrated because, E&G could be forced to file and litigate a separate class action which, as many courts have previously found, would be "inefficient and unreasonably costly." *Krinsk*, 2011 WL 13143905, at *2. In *Krinsk*, a motion to intervene was filed after the intervenor found out that the defendant was challenging the adequacy of the original putative class representative. *Id*. at *1. The court found the motion timely because potentially requiring the intervenor to file a separate action was not only inefficient and unreasonably costly to the intervenor, but also

because judicial economy warranted litigation in a single forum. *Id.* The same holds true here.

E&G would also be prejudiced by adverse rulings in this action that could affect its interest and rights. If the Court were to rule against Plaintiffs regarding class certification or the merits based on any differences among the different versions of the contracts during the relevant time period, those rulings would harm E&G's interest regarding Home Depot's violations of the contracts E&G signed and E&G's damages flowing from those violations. This action encompasses a time period in which each of the four versions of the tool rental contract were effective. E&G has a right to protect its interest by showing why Home Depot's uniform practices and procedures violate each of the versions of the contracts as to the claims of Class 1, Class 2, or both, for each of the six transactions in which E&G was damaged. Any adverse ruling in this matter could harm E&G's ability to recover for Home Depot's breach of contract in its relevant transactions. Likewise, E&G wishes to protect the interests of absent class members who signed the same versions of the contract it signed, and who were harmed for the same violations in the same ways. Simply allowing E&G's intervention protects the interests of E&G and those absent class members, and eliminates the risk of prejudice to E&G and the absent class members.

### 4. *There Are No Unusual Circumstances Affecting Intervention.*

Although the Eleventh Circuit outlined the four factors set out above to guide the timeliness analysis, most courts focus predominantly on the first two. *See, e.g., Davis v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666, 679-80 (S.D. Fla. 1993). Nonetheless, the latter two prongs also favor intervention in this case. The fourth factor is whether there are any unusual circumstances that counsel in favor or against the motion. As in *Krinsk*, because there are no "unusual circumstances" here, E&G's motion is timely. *Id*.

### B.   <u>E&G Has an Interest in the Action.</u>

As set out in the attached declaration, E&G has a clear and indisputable interest in this action. Ex. A (Decl. of Vero), ¶¶ 8-13. A related interest is one that is "direct, substantial, [and] legally protectible [sic][.]" *Chiles*, 865 F.2d at 1213. E&G entered six different relevant tool transactions with Home Depot which resulted in Home Depot breaching its contracts with E&G. *Id*. ¶¶ 8-13. These transactions involved Contract 1, Contract 3, and Contract 4. *Id*. Home Depot's breaches of these contracts included breaches applicable to Class 1 (five of six transactions involving Contracts 1 and 3) and Class 2 (four of six transactions involving Contract 1, Contract 3, and Contract 4). *Id*. . In short, E&G's transactions

with Home Depot involve breaches of contract covering the waterfront of Class 1 and Class 2 claims in this action.

**C.    Disposition Of This Action May Impede Or Impair E&G's Ability To Protect Its Interests.**

The Eleventh Circuit has found that the second factor (whether the intervenor has an interest in the action) and third factor (whether disposition of the action "may, as a practical matter, impede or impair" the intervenor's ability to protect its interests) are satisfied by the very nature of class treatment. *Tech. Training Assocs.*, 874 F.3d at 697 (citing *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005)). The standard asks whether disposition "may" impede the intervenor's ability to protect its interest. Should Home Depot obtain any adverse rulings to E&G's interests in its absence due to the existence of other versions of the contract or Home Depot's attacks on the current Plaintiffs' standing, adequacy, or claims on the merits, the risk to E&G—including risk of an adverse ruling affecting its rights and interest—is clear. *See id.* While the standard only asks whether the intervenor's interest "may" be impeded or impaired, the standard is more than satisfied here because an adverse ruling based on different versions of the contrast will impede or impair E&G's interests.

**D.    E&G Will Not Be Adequately Represented (Within The Meaning Of Rule 24) If Home Depot's Challenges To Existing Plaintiffs And Putative Class Representatives Succeed.**

As the Eleventh Circuit pointed out in *Tech. Training*, the advisory committee notes to Rule 24 explain that class members "should, as a general rule, be entitled to intervene in the action" unless the current parties adequately represent him. 874 F.3d at 697; *see also* Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment.  This explanation squares with the Supreme Court's acknowledgement that "[m]embers of a class have a right to intervene if their interests are not adequately represented by existing parties."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013).

Importantly, satisfying this Rule 24(a) factor is a "minimal" burden of "showing that plaintiffs' representation of their interests 'may be' inadequate." *Tech. Training*, 874 F.3d at 697 (quoting *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Circ. 1999)).  That is to say, the question is **not** whether the current Plaintiffs and putative class representatives are inadequate, but rather, whether there is "some evidence" at all that their representation of the proposed intervenor's interests "may be" inadequate.  *Id*. (quoting *Clark*, 168 F.3d at 461) (only "some evidence" is sufficient for this prong); *see also Chiles*, 865 F.2d at 1214 ("The Supreme Court has held that the inadequate representation requirement 'is satisfied if the [proposed

intervenor] shows that representation of his interests 'may be adequate' and that 'the burden of making that showing should be treated as minimal.'" (quoting *Trobovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972))).

Especially under this lenient standard articulated by the Eleventh Circuit in *Tech. Training*, the record reflects that E&G's interests "may be" inadequately represented within the meaning of Rule 24, thus allowing for his intervention. *See also Bromley v. Michigan Educ. Ass'n-NEA*, 178 F.R.D. 148, 157-58 (E.D. Mich. 1998) (intervention is permissible to cure possible deficiencies prior to certification). There is "some evidence" that Home Depot will advocate that any difference among the different versions of the contract should result in different outcomes on class certification or on the merits. Should the Court rule in favor of Home Depot on any one of these arguments, E&G's interests would not be adequately protected or represented by the current Plaintiffs and putative class representatives. E&G's intervention eliminates any such risk.

Intervention allows E&G to protect its own interests, as well as those of the members of putative Class 1 and Class 2, eliminating these potential arguments lurking in the background from even potentially interfering with E&G's claims against Home Depot. E&G readily satisfies this "minimal" burden.

## II.    Alternatively, E&G Should Be Allowed To Intervene Through Permissive Intervention.

A party seeking to intervene in a class action pursuant to Rule 24(b) must show both of the following: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213 (citing Fed. R. Civ. P. 24(b)). Whether to grant permissive intervention is within the discretion of the court. *Krinsk*, 2011 WL 13143905, at *1.

### A.    Timeliness Favors Intervention.

The same timeliness factors applicable to Rule 24(a)(2) are also applicable to Rule 24(b). *MacQueen v. Lambert*, 348 F. Supp. 1334, 1335 (M.D. Fla. 1972). In addition, however, under Rule 24(b)—unlike under Rule 24(a)(2)—courts "may consider whether the intervention will unduly delay the adjudication of the rights of the original parties." *Id*. at 1335-36. As previously noted, E&G filed this motion to intervene with speed and diligence within 30 days of learning of its potential interests, and within 20 days of retaining counsel to investigate those potential interests and take reasonable steps to protect them.

Many of the authorities cited herein allowed intervention after a motion for class certification was briefed, or even after class certification was granted, but here, the deadline for filing a motion for class certification is more than three months away. Doc. 76. Likewise, there are more than three months remaining in discovery.

*Id.* The timeliness factor is easily met on this timeline. *See, e.g., Ruderman*, 263 F.R.D. at 677-78 (granting both intervention as of right and permissive intervention after motion for class certification was filed, where proposed intervenors filed motion to intervene less than four months Plaintiffs filed the relevant claim).

Courts have permitted permissive intervention of a new named putative class member even after the motion for class certification has been filed. *See, e.g., Krinsk*, 2001 WL 13143905 at *1. In *Krinsk*, after the original named plaintiff moved for class certification, the defendant argued in opposing class certification that the plaintiff was not an adequate class representative. *Id.* Another potential plaintiff moved to intervene, and the court held that a motion filed two-and-a-half months after potential intervenor learned of its interests was well within the bounds of timeliness required for intervention. *Id.* The *Krinsk* court noted, "[w]hile [a separate action is another] potential avenue[] that could be available to [the persons seeking to serve as new class representatives] if their motion was denied, this action has been pending for a considerable length of time[; f]iling a new action would be both inefficient and unreasonably costly." *Id.* at *2.

### B. The Claims Have Questions Of Law And Fact In Common.

The second Rule 24(b) factor is whether the intervenor's "claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at

1213.  Like Rule 24(a)(2), this factor requires simply that "the intervenor's interest to be based on the action pending before the court."  *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.* (*In re Ford Motor Co.*), 471 F.3d 1233, 1246 (11th Cir. 2006). "The 'claim or defense' portion of the rule has been construed liberally, and indeed the Supreme Court has said that it 'plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation.'"  *In re Estelle*, 516 F.2d 480, 485 (5th Cir. 1975) (quoting *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).  E&G's claims falling under Class 1 and Class 2 are the same as the claims of the Plaintiffs.  Like it did with all members of Class 1 and Class 2, Home Depot breached its contracts with E&G by overcharging late fees and/or overcharging for damage protection in violation of the four contracts in effect from February 2016 through the present.

## **CONCLUSION**

In sum, E&G respectfully submits that it has established that it may intervene by right pursuant to Rule 24(a)(2).  Alternatively, E&G respectfully requests it be permitted to intervene pursuant to Rule 24(b).  To decline to allow E&G to join as an additional named plaintiff in this action – and thus force it to file a separate (and virtually identical) action – would be inefficient, unnecessary, and would waste judicial resources.  *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed,

administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). By contrast, intervention would be efficient, conserve judicial resources, and contribute to the speedy resolution of these disputes before this Court. For these reasons, and all others demonstrated herein, E&G respectfully requests its motion to intervene be granted.

Respectfully submitted this 14th day of December, 2023.

**BAYUK PRATT, LLC**

*/s/Bradley W. Pratt*
Bradley W. Pratt
Georgia Bar No. 586672
4401 Northside Pkwy, Suite 390
Atlanta, Georgia 30327
Telephone: (404) 500-2669
bradley@bayukpratt.com

**THE LOCKETT LAW FIRM LLC**

*/s/John A. Lockett III*
John A. Lockett III
Georgia Bar No. 455549
Alexander M. Heideman
Georgia Bar No.: 159212
1397 Carroll Drive
Atlanta, Georgia 30318
Telephone: (404) 806-7448
john@lockettlawfirm.com

**CROSS KINCAID LLC**

*/s/Meredith C. Kincaid*
Meredith C. Kincaid
Georgia Bar No. 148549
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Telephone: (404) 948-3022
meredith@crosskincaid.com

*Counsel for Proposed Intervenor E&G*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in Times New Roman 14-point font in accordance with Local Rule 5.1(B).

/s/John A. Lockett III
John A. Lockett III
Georgia Bar No. 455549